# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION



LARRY EUGENE HOLLINS,  §
     *Plaintiff*  §
    §
-vs-  §       SA-23-CV-01083-XR
    §
AUDREY STAFFA, CARLOS OMAR  §
CHAVEZ JR.,  §
     *Defendants*  §

## ORDER

On this date, the Court considered Plaintiff's motion for remand (ECF No. 6). After careful consideration, Plaintiff's motion for remand is **GRANTED.**

## BACKGROUND

Plaintiff Larry Hollins alleges that he and his brother, Leon Hollins ("Leon"), were involved in a three-car collision with Defendants Audrey Staffa ("Staffa") and Carlos Omar Chavez, Jr. ("Chavez") on the I-10 highway in Texas. ECF No. 1–2 at 2.

On May 31, 2021, Staffa "collided with the vehicle immediately in front of her operated by [Chavez]," pushing Defendant Chavez's car into the vehicle driven by Leon, in which Plaintiff was a passenger. *Id.* at 2–3. The force of this collision propelled Plaintiff's vehicle into a nearby median. *Id.* Plaintiff asserts that Staffa caused the crash because she "failed to control her speed, failed to maintain a safe distance, and failed to apply her brakes on time." *Id.* at 3. Plaintiff also alleges that Chavez contributed to the crash because he "failed to keep a proper lookout, failed to control his speed, and suddenly stopped on the highway." *Id.*

On April 3, 2023, Plaintiff and Leon filed suit against Staffa and Chavez in the 224th Judicial District Court in Bexar County, Texas, asserting claims for negligence and negligence *per*

*se. Id.* at 1, 3. Plaintiff pursued claims against both Staffa and Chavez; Leon pursued claims against

Chavez, which he later non-suited in state court. *See* ECF No. 1-2; ECF No. 1-5.

On April 17, 2023, Staffa was personally served at her home in Williamson County,

Tennessee.[1] ECF No. 6-1. Plaintiff and Leon initially believed that Chavez was served on April

18, 2023, at his home in Bexar County, Texas. ECF No. 6 at 3; ECF No. 6-7 at 1. However, they

later discovered that Defendant Chavez's father had been served the petition in error, and Plaintiff

successfully served Chavez on September 12, 2023, at a correctional facility in Limestone County,

Texas. ECF No. 6 at 3; ECF No. 7 at 2.

On August 29, 2023, Staffa removed the case to this Court based on diversity jurisdiction.

ECF No. 1 at 1. Plaintiff subsequently filed a motion to remand, asserting that there is not complete

diversity of citizenship because Plaintiff and Defendant Chavez are both residents of Texas. ECF

No. 6. Defendant has not filed a response and the time in which to do so has expired.

## LEGAL STANDARDS

Federal district courts have original jurisdiction "over two general types of cases: cases

that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and

there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S.

Ct. 1743, 1746 (2019) (citing 28 U.S.C. §§ 1331, 1332(a)). The former is known as "federal-

question jurisdiction" and the latter as "diversity jurisdiction." *Id.* Any civil action of these types

that is brought in state court "may be removed by the defendant or the defendants, to the district

court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a).

---

[1] Although the petition describes Staffa as a resident of Bexar County, Texas, the parties agree that Staffa is domiciled in Tennessee. ECF No. 1 at 2; ECF No. 6 at 2.

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("[B]ecause jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal.").

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, a removing party must show

"(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, at 385 F.3d at 573.

## DISCUSSION

The Court concludes that it cannot exercise subject matter jurisdiction in this matter because the opposing parties lack complete diversity. Both Plaintiff Leon Hollins and Defendant Chavez are residents of Texas, thereby destroying complete diversity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.") (citation omitted).

Staffa attempts to overcome this fatal problem for removal by asserting "outright fraud in Plaintiffs' pleading of jurisdictional facts," alleging that Plaintiff improperly joined Chavez solely to defeat diversity jurisdiction. ECF No. 1 at 2. Under the "actual fraud" theory of improper joinder, the Court must find that Plaintiff intentionally misrepresented Chavez's domicile "in an attempt to conceal [his] citizenship" for Staffa "to conclude [she] was unable to remove the case." *Coffman v. Dole Fresh Fruit Co.*, 927 F. Supp. 2d 427, 435 (E.D. Tex. 2013) (quoting *Augustine v. Emps. Mut. Co.*, No. 2:08-cv-1102, 2010 WL 4930317, at *7 (W.D. La. Nov. 30, 2010)). Here, it appears undisputed that Chavez is a citizen of Texas. *See* ECF No. 1 at 2; ECF No. 1–2 at 2. Alternatively, the Court could find improper joinder if Plaintiff fraudulently included the wrong defendant. *Coffman*, 927 F. Supp. 2d at 435. Again, Staffa advances no such argument. The Court cannot thereby find improper joinder under an "actual fraud" theory.

Even assuming that Staffa intended to assert improper joinder under the second *Smallwood* test, Staffa's argument would still fail. Under this second test, the proper inquiry "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an

in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). To determine whether a plaintiff might be able to recover against an in-state defendant, a court should ordinarily "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Plaintiff's petition asserts Chavez "caus[ed] or at least contribut[ed] to the crash" and "failed to keep a proper lookout, failed to control his speed, and suddenly stopped on a busy highway." ECF No. 1-2 at 2–3. These facts plead colorable negligence or negligence *per se* claims under Texas law, and thus withstand a Rule 12(b)(6) analysis at this stage of litigation. *See Williams v. Parker*, 472 S.W.3d 467, 470–471 (Tex. App.—Waco 2015, no pet.) (setting forth requisite elements of negligence and negligence *per se* claims). Accordingly, the Court finds that Staffa has failed to demonstrate improper joinder.

Plaintiff also asserts that Staffa's notice of removal was not timely because it was filed more than 30 days after Staffa's receipt of the initial pleading. The Court agrees with Plaintiff. Here, Staffa was served on April 17, 2023, at her residence in Tennessee. ECF No. 6 at 1. She filed for removal on August 29, 2023—far beyond the 30-day deadline provided for by federal statute. ECF No. No. 1 at 1; *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (Federal statute "clearly provide[s] that a defendant's right to removal runs from the date on which [Defendant] is formally served with process"). Under the plain language of 28 U.S.C. § 1446(b)(1), Staffa's notice of removal is precluded as untimely.

In her notice of removal, Defendant unpersuasively counters that the case was not removable when she received the petition, but became removable on August 21, 2023, when "Leon Hollins dismissed his claims and causes of action against Chavez, and it became apparent that Plaintiff is not pursuing his claims against Chavez." ECF No. 1 at 1. But Leon Hollins' dismissal

of his claims against Chavez has no relevance to the Court's diversity jurisdiction analysis: it does not alter that Plaintiff Larry Hollins and Defendant Chavez are both residents of Texas. Further, Staffa's claim that "Plaintiff is not pursuing his claims against Chavez" is flatly contradicted by Plaintiff's filings in which he makes clear that his claims against Chavez remain live. *See* ECF No. 6 at 3; ECF No. 7 at 1.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 6) is hereby **GRANTED**.

The Clerk is **DIRECTED** to remand this case to 73rd District Court of Bexar County, Texas, and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 17th day of November, 2023.